OPINION OF THE COURT
Patrick J. McGrath, J.
The defendant is accused of two counts of murder in the second degree, intentionally causing the death of another and acting under a depraved indifference. It is alleged that the defendant strangled the victim after having sexual intercourse *1091 with the victim. The facts of the case also show that the victim was a known prostitute. Physical evidence was gathered from the victim and crime scene showing the presence of sperm.
That by previous order of the court pursuant to CPL 240.40 (2) (a) (v) the defendant was directed to allow the People to take a sample of his blood.
The People allege that during a conversation with a police investigator the defendant indicated he had had sexual intercourse with the victim, but the police would not find any evidence of his sperm since he had had a vasectomy. The People now move for an order pursuant to CPL 240.40 (2) requiring the defendant to give the People written authorization to obtain the defendant’s records from the physician and hospital involved in his vasectomy. The defendant opposes the motion based upon the US Constitution Fifth Amendment right against self-incrimination and the physician/patient privilege. The People allege that the items requested are probative and that they have an obligation to investigate further whether the sperm present could have been that of the defendant.
It is recognized that the compulsion of certain nontestimonial evidence by a defendant does not violate the defendant’s Fifth Amendment right against self-incrimination. A defendant may be compelled to appear in a lineup, speak for identification purposes, be fingerprinted, pose for photographs, permit the taking of samples of blood, hair or other materials from his body, provide specimens of his handwriting and submit to a reasonable physical or medical inspection of his body. (See, CPL 240.40 [2].) The Fifth Amendment right against self-incrimination, "reaches an accused’s communications, whatever form they might take”. (Schmerber v California, 384 US 757, 763-764 [1966].) If a communication of the accused is involved in the requested discovery then the privilege is a bar against compelling disclosure. This is especially true when the communication will be used to determine a defendant’s guilt or innocence.
Medical records of the defendant would clearly involve communications between the defendant and the treating medical personnel. The test is not whether or not requested items are probative, but whether or not the items consist of communications from an accused in whatever form they may take. The court believes that the requested items clearly involve *1092 communications from the accused and are therefore prohibited by the Fifth Amendment right against self-incrimination.
The court need not consider the defendant’s claim that the requested items are in violation of the physician/patient privilege as set forth in CPLR 4504.
Accordingly, the People’s motion is denied.